STATE OF NORTH CAROLINA v. PRESTON EUGENE DOBBINS

No. 7028SC411

(Filed 16 September 1970)

Municipal Corporations § 29; Riots and Inciting to Riot § 1; Weapons
and Firearms — unlawful possession of dangerous weapon in curfew
area — curfew violation — validity of statutes and ordinance

>  In this appeal from convictions of defendant for unlawful posses-
> sion of a dangerous weapon in an area in which a declared state of
> emergency exists in violation of G.S. 14-288.7 and for violation of a
> municipal emergency curfew ordinance, *held,* (1) the declaration of a
> state of emergency and imposition of a curfew by the mayor of the
> municipality did not violate defendant's First Amendment rights, (2)
> G.S. Ch. 14, Art. 36A is constitutional, and (3) defendant's constitu-
> tional rights were not violated at the time of his arrest and during
> his trial in superior court.

APPEAL by defendant from *Grist, J.,* 19 January 1970 Ses-
sion, BUNCOMBE Superior Court.

A warrant issued from the Police Court of the City of Ashe-
ville charged that on or about 30 September 1969 defendant did
unlawfully and wilfully "possess off his own premises a danger-
ous weapon, to-wit: a 12 gauge shotgun and shells in an area
in which a declared state of emergency exists, in violation of
(G.S.) 14-288.7, . . ." A second warrant from said Court
charged that on said date defendant "did unlawfully and wilfully
violate emergency curfew ordinance of the City of Asheville
(number 613), and proclamation imposed by Mayor Wayne S.
Montgomery on September 29, 1969, by being on a public street,
alley, roadway or public property within the City Limits of
Asheville between the hours of 9:00 p.m. and 6:00 a.m., con-
trary to the form and *(sic)* the statute in such cases made and
provided and against the peace and dignity of the State."

Defendant was convicted of the charges in the Police Court
and appealed to Superior Court. Before pleading to the charges
in Superior Court defendant moved to quash the warrants, con-
tending, among other things, that the statute, ordinance, and
proclamation referred to in the warrants are unconstitutional.
The motions to quash were overruled, defendant pleaded not
guilty, a jury found him guilty as charged, and from judgment
predicated on the verdict, defendant appealed to the Court of
Appeals.

*Attorney General Robert Morgan, by Assistant Attorney General William W. Melvin and Assistant Attorney General T. Buie Costen, for the State.*

*Chambers, Stein, Ferguson & Lanning, by James E. Ferguson II, and Robert Harrell, for defendant appellant.*

BRITT, J.

By his assignments of error defendant contends, *inter alia:* (1) The action of the Mayor of the City of Asheville in declaring a state of emergency and imposing a city-wide curfew for the night of 30 September 1969 violated defendant's rights guaranteed by the First Amendment to the U. S. Constitution. (2) The statutory scheme of Chapter 14, Art. 36A, of the General Statutes of North Carolina is unconstitutional in contravention of the First, Fourth, Ninth and Fourteenth Amendments to the U. S. Constitution and Art. I, Sec. 17 of the North Carolina Constitution. (3) Rights guaranteed to defendant under the Federal and State Constitutions were violated at the time of his arrest and during the course of his trial in Superior Court.

Suffice to say we have carefully considered all of defendant's contentions but find them without merit. We hold that the challenged statutes, ordinance, and proclamation are constitutional and that defendant received a fair trial free from prejudicial error.

No error.

CAMPBELL and VAUGHN, JJ., concur.